# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**DAVID F. BYRD** *et al.*                                                                                   PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 1:15CV-21-GNS

**LOUISVILLE GAS & ELECTRIC**                                                                     DEFENDANT

## MEMORANDUM AND ORDER

By Memorandum Opinion and Order entered August 24, 2015, the Court remanded this removed action to the state court because Plaintiff David F. Byrd[1] lacked the authority under 28 U.S.C. § 1441 to remove his own action from state to federal court. Following remand, Defendant Louisville Gas and Electric Company (LG&E), by counsel, filed a motion for sanctions under Federal Rule of Civil Procedure 11 (DN 20).[2] In its motion, Defendant argues that although Plaintiff is unrepresented, this case "presents a unique situation in which Byrd comes before this Court only after having filed a barrage of motions in the long-concluded underlying case pending in the Metcalfe Circuit Court." Defendant reports that, with respect to the state-court litigation, it has "responded to Byrd's stream of filings, expending considerable legal fees in doing so. It has sent counsel to hearings on motions having no basis in either law or fact, and it demonstrated considerable patience before finally moving to hold the Byrds in contempt [in state court] for abusing the legal process." Defendant asserts:

> By filing this motion, LG&E is not asking this Court to award sanctions in the form of legal fees and costs it has expended throughout the lengthy state court proceedings. But it is important for the Court to understand that this motion is not being filed merely due to Byrd's improper attempt to remove this case; it is being filed because Byrd's motion is simply the latest in a

---

[1] Only Plaintiff David F. Byrd initiated this action by filing a motion seeking "removal of [] cases from Metcalfe Circuit Court to federal court for a jury Bowling Green, Ky" (DN 1). However, the plaintiffs listed in the state-court action are David F. Byrd and his wife, Jo Anna Byrd.

[2] Defendant reports that it served Plaintiff David Byrd with a copy of the motion and supporting memorandum months before filing the instant motion, thereby complying with the "safe harbor" provision of Rule 11(c)(2).

long line of filings that should never have been made. Sanctions are, therefore, warranted for the purpose of discouraging further abuse of the legal system and the harassment of LG&E that necessarily flows from it.

"Rule 11 provides that the court *may* impose an appropriate sanctions if pleadings or claims are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 526 (6th Cir. 2002) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). The imposition of sanctions for violations of Rule 11 is discretionary rather than mandatory. *Ridder v. City of Springfield*, 109 F.3d at 293-94 (citing Fed. R. Civ. P. 11(c)).

Upon consideration, although Plaintiff's removal was not warranted by law, the Court cannot conclude that the unrepresented litigant sought to remove the state-court actions for an improper purpose. While his filing in federal court may support a finding of ignorance of the removal requirements, it does not suggest harassment or abuse of the federal legal system. And other than Plaintiff seeking to remove the two state-court actions, Plaintiff has filed no other case in this Court.

For these reasons, **IT IS ORDERED** that Defendant's motion for sanctions (DN 20) is **DENIED**.

**The Court, however, WARNS the unrepresented Plaintiff that future lawsuits filed in this Court related to the two Metcalfe Circuit Court proceedings mentioned in this action may result in sanctions**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
 Metcalfe Circuit Court
4416.005